IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| ABBY BURNS, | * | NO. 3:21-cv-3016 |
| Plaintiff, | * | |
| v. | * | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA and AMERICAN FAMILY INSURANCE COMPANY, S.I., (AFMICSI) PLAN, | * | COMPLAINT |
| Defendant. | * | |

COMES NOW the Plaintiff, Abby Burns, and submits the following in support of her cause of action against Unum Life Insurance Company of America:

1. This is an action brought pursuant to 29 U.S.C. §1132(a)(1)(B) in order to recover benefits due under the terms of a disability plan.

2. At all times relevant to these proceedings Abby Burns was a resident of Emmetsburg, Palo Alto County, Iowa.

3. At all times relevant to these proceedings Unum Life Insurance Company of America (hereinafter "Unum") was licensed to sell insurance in the state of Iowa and was engaged in the business of selling insurance plans that covered Iowa residents.

4. In the years leading up to November of 2019 Ms. Burns worked as a Sales District Leader for American Family Insurance Company (hereinafter "American Family") in Emmetsburg, Iowa.

5. As a benefit of her employment with American Family Ms. Burns was provided with long-term disability (LTD) coverage under the American Family Insurance Company, S.I. (AFMICSI) Plan (hereinafter "the Plan").

6. The Plan was funded through an insurance policy American Family purchased from Unum.

7. While American Family was the named administrator in the plan documents, American Family delegated administration responsibilities to Unum.

8. The Plan also gave Unum discretion over making decisions regarding eligibility for benefits under the Plan.

9. On November 8, 2018 Ms. Burns stopped working for American Family due to symptoms of chronic fatigue and whole-body achiness.

10. On November 12, 2018 Amy Frields, ARNP, indicated that Ms. Burns was unable to work due to fatigue and achiness.

11. On November 27, 2018, Amber Houge, PA-C, completed a Certification of Health Care Provider for FMLA and Disability form for Unum in connection with a claim for short-term disability (STD) benefits.

12. On the form that she completed on November 27, 2018 Ms. Houge indicated that Ms. Burns was suffering from parainfluenza, weakness, fatigue, and chronic fatigue syndrome. Ms. Houge indicated the probable duration of the symptoms and medical condition was "ongoing" with an approximate Return to Work date of August 1, 2019.

13. After receiving the paperwork from Ms. Burns' treating providers, Unum determined that Ms. Burns was disabled and commenced payment of STD benefits.

14. Unum paid STD benefits for the maximum duration of Ms. Burns' STD eligibility through March of 2019.

15. Following the completion of Ms. Burns' STD eligibility period Unum began to evaluate Ms. Burns' eligibility for LTD benefits.

16. On April 2, 2019, after Ms. Burns had been out of work for 21 weeks, American Family sent a letter to Ms. Burns indicating that they were filling her position based on Ms. Burns' inability to return to work.

17. On April 23, 2019 Ms. Houge opined that Ms. Burns remained incapable of resuming full-time work activity in even a light duty capacity.

18. On May 9, 2019 Unum denied Ms. Burns' LTD claim.

19. In the May 9, 2019 denial letter Unum maintained that Ms. Burns did not meet the Plan's definition of disability because Unum believed Ms. Burns was able to perform the duties of her job with American Family.

20. In a letter dated June 18, 2019 Ms. Houge opined that Ms. Burns would not be able to work full time or perform her job duties in the near future.

21. Along with her letter of June 18, 2019 Ms. Houge provided a Chronic Fatigue Syndrome Medical Source Statement which indicated Ms. Burns was incapable of performing even "low stress" jobs.

22. Ms. Burns submitted an appeal letter dated June 26, 2019.

23. In her appeal letter of June 26, 2019 Ms. Burns noted that she had been unable to function at a normal capacity since October of 2018 and continued to struggle with performing essential day-to-day functions.

24. On August 7, 2019 Unum upheld the denial of Ms. Burns' LTD claim.

25. The undersigned finalized a second and final appeal on behalf of Ms. Burns on October 14, 2019.

26. In support of that appeal Unum was given documentation of the fact that the source of Ms. Burns' fatigue and achiness dating back to the point at which she stopped working was Lyme Disease.

27. Unum was also given documentation of the fact that Ms. Burns had started a course of treatment for her Lyme Disease at the office of Steven Phillips, M.D., in Wilton, Connecticut.

28. Dr. Phillips is a nationally recognized leader in the diagnosis and treatment of Lyme Disease, and Unum was given Dr. Phillips' curriculum vitae outlining his credentials.

29. Unum was also given correspondence from Caitlin Doody, a board-certified Advanced Practice Registered Nurse in Dr. Phillips' office, confirming Ms. Burns' diagnosis of Lyme Disease.

30. The correspondence that Unum was given from Practitioner Doody contained the following opinion regarding the impact of Ms. Burns' diagnosis on her ability to work: "The patient is not able to return to work at this time due to her highly symptomatic case of Lyme disease."

4

31. Unum was also given correspondence from Jennifer Landes, Ms. Burns' former co-worker at American Family, providing detailed observations of Ms. Burns' disabling symptoms and the effect they had on Ms. Burns' ability to work.

32. Unum responded to Ms. Burns' appeal with a request for an extension of time to make a decision and an invitation to submit additional information in support of her appeal.

33. On November 27, 2019 Unum was given an additional letter from Caitlin Doody, APRN. Therein Practitioner Doody confirmed that Ms. Burns' diagnosis of Lyme Disease would account for Ms. Burns' disabling symptoms and would have prevented Ms. Burns from being able to work dating back to October of 2018.

34. On December 6, 2019 Unum was given a letter generated by Amanda Richard, ARNP, who was Ms. Burns' local primary care provider at the time. In the letter, Practitioner Richard also confirmed that Ms. Burns' diagnosis of Lyme Disease would account for her disabling symptoms and would have prevented Ms. Burns from being able to work dating back to October of 2018.

35. On December 18, 2019 Unum re-affirmed the denial of Ms. Burns' LTD claim.

36. At the time Unum issued its final denial on December 18, 2019, Unum was in possession of opinions from four treating providers indicating that Ms. Burns was unable to work.

37. At the time Unum issued its final denial on December 18, 2019, Unum was not in possession of any opinions from any medical professionals who had actually seen Ms. Burns indicating that Ms. Burns was capable of work.

38. Unum has not paid any LTD benefits to Ms. Burns.

39. Ms. Burns has provided proof that she met Unum's definition of disability between November 8, 2018 and the point at which Unum issued its final denial on December 18, 2019.

40. Unum has acted unreasonably in refusing to pay any LTD benefits.

41. Ms. Burns has exhausted all of her administrative remedies.

WHEREFORE the Plaintiff, Abby Burns, respectfully requests that this Court enter judgment in her favor, and against the Defendants, Unum Life Insurance Company of American and American Family Insurance Company, S.I. (AFMICSI) Plan, in an amount commensurate with the LTD benefits she has been denied. The Plaintiff further requests attorney fees, interest and the costs of this action.

/s/ Jason D. Neifert
Jason D. Neifert AT0005681
Neifert, Byrne & Ozga, P.C.
1441 29th Street, Suite 111
West Des Moines, IA 50266
PH: (515) 226-2117
FAX: (515) 226-2497
Email: jneifert@nbolawfirm.com